UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* GLENDA MARTIN and TAMMIE JOHNSON TAYLOR, <br><br> Plaintiff / Relators, <br><br> v. <br><br> LIFE CARE CENTERS OF AMERICA, INC., <br><br> Defendant. | Civil Action Nos. <br> 1:08-CV-251 & 1:12-CV-64 <br> MATTICE/CARTER |

## UNITED STATES' DISCLOSURES UNDER FED. R. CIV. P. 26(a)(1)

In compliance with Federal Rule of Civil Procedure 26(a)(1), the United States hereby provides its initial disclosures. The United States makes these disclosures based upon the information currently available to its component agencies that have been involved in the investigation of the allegations contained in its complaint, including the United States Department of Justice and the United States Department of Health and Human Services, but notes that its investigation of this matter is continuing and may result in the discovery of additional information in the future. The United States reserves the right to supplement these disclosures as discovery proceeds, as required by the Federal Rules of Civil Procedure.

These disclosures are made without waiving the United States' rights at any subsequent time to object based upon evidentiary bases such as competency, privilege, relevance, materiality, hearsay, or other established grounds to the use of such information or documents.

## A. Individuals Likely to Have Discoverable Knowledge that the United States May Use to Support Its Claims

Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i), the United States discloses on Exhibit A attached to and made a part of these disclosures the name and, if known, identifying and/or contact information of each individual, aside from experts, who is likely to have discoverable information that the United States may use to support its claims (unless solely for impeachment), as well as the subject matter of that information.[1] The United States reserves its right to supplement this disclosure of individuals as discovery proceeds or new information becomes available. In particular, the United States may rely upon testimony from additional current or former Life Care facility employees (e.g., rehabilitation therapists, rehabilitation services managers, executive directors, nurses) or other current or former employees of Life Care. The United States will supplement these disclosures when it has identified additional individuals, including but not limited to therapists or other Life Care employees, who it may use to support its claims. The United States also reserves the right to rely upon the testimony of any witnesses listed by Defendant on its Rule 26(a)(1) disclosures.

## B. Documents, Electronically Stored Information, and Tangible Things that the United States May Use to Support Its Claims

Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii), the United States provides on Exhibit B, attached hereto and made a part of these disclosures, a description, by category and location, of all documents, electronically stored information (ESI), and tangible things that it has in its possession, custody, or control that may be used to support its claims. The non-privileged documents and data identified on Exhibit B will be made available to Defendant at a mutually

---

[1] In order to protect the privacy of individuals being identified in these disclosures (other than the Relators), the United States has redacted the names and contact information of the individuals identified in Exhibit A for purposes of filing. Unredacted copies of Exhibit A are being provided to counsel for defendant Life Care Centers of America and counsel for Relators contemporaneously with the filing of this disclosure.

agreeable time for review and copying or copies will be provided upon request. To the extent that documents and ESI identified on Exhibit B are in the custody of Defendant and are not sufficiently identified (e.g., by Bates number or otherwise) to enable Defendant to locate such information, upon request the United States will provide further identifying information. The United States reserves its right to supplement the categories of documents and data listed on Exhibit B as discovery proceeds or new information becomes available.

### C. Computation of Categories of Damages

The United States' damages in this case will be derived from the claims that Life Care submitted or caused to be submitted to Medicare and TRICARE from January 1, 2006 until the present for rehabilitation therapy that was medically unnecessary, unreasonable, unskilled, or otherwise not subject to reimbursement by Medicare or TRICARE. The United States will determine the amount of damages it has sustained by extrapolating the results of a medical review of a statistically valid random sample of claims that Defendant submitted or caused to be submitted to Medicare and TRICARE. Pursuant to the provisions of the False Claims Act, 31 U.S.C. § 3729, the amount of damages sustained is trebled. In addition, the United States will seek statutory penalties of between $5,500 and $11,000 for each instance in which Defendant submitted or caused to be submitted a false claim to the United States.

Alternatively, the United States will seek damages under its common law causes of action of unjust enrichment, payment by mistake, and conversion. Damages for these causes of action consist of extrapolated single damages from the statistically valid random sample of claims submitted by Defendant.

3

The United States will not be in a position to compute each category of damages until it receives and reviews the patient records for the statistically valid random sample of claims submitted by Defendant.

**D. Insurance Agreements**

Not applicable.

Dated May 17, 2013                    Respectfully submitted,

STUART F. DELERY
Acting Assistant Attorney General


 /s/Melissa R. Handrigan (by RCM w/permission)
MICHAEL D. GRANSTON
ANDY J. MAO, PA Bar No. 82986
AMY L. EASTON, DC Bar No. 463710
JONATHAN GOLD, Maryland Bar Member
SHAUN PETTIGREW, CA Bar. No. 254564
MELISSA R. HANDRIGAN, DC Bar No.471019
Attorneys, Civil Division
United States Department of Justice
P.O. Box 261, Ben Franklin Station
Washington, D.C. 20044
(202) 616-0539


WILLIAM C. KILLIAN
United States Attorney


 /s/Robert C. McConkey, III
ELIZABETH S. TONKIN, TN BPR #010305
ROBERT C. McCONKEY, III, TN BPR #018118
Assistant United States Attorneys
United States Attorney's Office
800 Market Street, Suite 211
Knoxville, TN  37902
(865) 225-1654
betsy.tonkin@usdoj.gov
robert.mcconkey@usdoj.gov

# CERTIFICATE OF SERVICE

  I hereby certify that on the  17th  day of May, 2013, a copy of the foregoing was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's electric filing system.

            *<u>s/Robert C. McConkey, III</u>*
            Robert C. McConkey, III
            Assistant United States Attorney